# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

RHYDONNA GAIL LINN,      )
         )
      **Plaintiff,**     )
         )
v.        )    **Case No. CIV-15-345-SPS**
         )
NANCY A. BERRYHILL,    )
**Acting Commissioner of the Social**   )
**Security Administration,**[1]   )
         )
      **Defendant.**   )

## OPINION AND ORDER

The claimant Rhydonna Gail Linn requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision is hereby REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of

---

[1] On January 20, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Berryhill is substituted for Carolyn W. Colvin as the Defendant in this action.

such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he

---

[2] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born October 21, 1968, and was forty-five years old at the time of the administrative hearing (Tr. 124). She has a master's degree in psychology, and has worked as a bartender and counselor (Tr. 33, 54). The claimant alleges that she has been unable to work since an amended onset date of December 15, 2011, due to breast cancer, post-traumatic stress disorder, depression, syncope, a history of substance abuse, and a heart condition (Tr. 157, 188).

## Procedural History

On February 24, 2012, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. ALJ James Bentley conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated January 24, 2014 (Tr. 14-25). The Appeals Council denied review, so the ALJ's opinion represents the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform sedentary work as

defined in 20 C.F.R. §§ 404.1567(a), 416.967(a), except that she was limited to simple tasks with routine supervision; occasional contact with coworkers, supervisors, and the general public; and could not be exposed to unprotected heights or dangerous, moving machinery (Tr. 18). The ALJ concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was work she could perform in the national and regional economies, *i. e.*, dial maker, bonder, and paramutual ticket checker (Tr. 24).

## Review

The claimant contends that the ALJ erred by failing to properly: (i) evaluate the medical evidence, and (ii) assess her credibility. The Court agrees with the claimant's second contention, and the decision of the Commissioner must therefore be reversed and the case remanded for further proceedings.

The ALJ found that the claimant had the severe impairments of cholecystitis, breast cancer stage 1A, anxiety, and polysubstance abuse in remission (Tr. 23). As to the claimant's mental health, the record reveals Dr. Sean Boone managed her anxiety from November 2007 through December 2010 (Tr. 366-81). In October 2008, the claimant participated in sixteen hours of intensive outpatient treatment groups at The Center for Counseling and Health Resources to address depression, relationship issues, addictions, and anxiety (Tr. 279-325). The claimant established care with Dr. Teddy Rowland on January 10, 2012, and reported hyperventilation, insomnia, panic attacks, and light-headedness (Tr. 327-29). Dr. Rowland diagnosed the claimant with generalized anxiety

and insomnia, and continued to treat her through at least August 21, 2013 (Tr. 641-48, 794-801, 929-32, 956-60).

In January 2012, the claimant was diagnosed with breast cancer and subsequently underwent a partial mastectomy, chemotherapy, radiation, and hormonal therapy (Tr. 387-528, 563-637, 667-760, 820-95). An ultrasound performed on February 28, 2013, showed no malignancy in either breast (Tr. 844).

On July 17, 2012, the claimant presented to Dr. Sunil Thummala for recurrent syncope (Tr. 942-47). A CT scan of the claimant's head conducted July 24, 2012, was normal (Tr. 763). Records from the claimant's heart monitor worn in August 2012 revealed no events of syncope or atrial fibrillation, but events of asymptomatic tachycardia were present (Tr. 952). An echocardiogram dated October 22, 2012, revealed a structurally normal heart (Tr. 970).

State reviewing physician Dr. Luther Woodcock completed a Physical Residual Functional Capacity Assessment on March 29, 2012, and indicated that the claimant had functional abilities consistent with the full range of light work (Tr. 530-37). His assessment was affirmed on review (Tr. 761).

On March 27, 2012, state reviewing psychologist Dr. Yamir Laboy affirmed an unsigned and undated Psychiatric Review Technique (PRT) form which indicated the claimant had moderate limitations in maintaining social functioning and maintaining concentration, persistence, or pace, but only mild limitations in activities of daily living (Tr. 540-53). It was noted that the claimant's condition was significant and further compounded by her physical condition, but that she should nonetheless be able to

perform semi-skilled work with moderate public contact (Tr. 552). Dr. Laboy also affirmed an unsigned and undated Mental RFC Assessment wherein it was opined that the claimant was moderately limited in her ability to understand, remember, and carry out detailed instructions, and in her ability to interact with the general public (Tr.554-56). Dr. Laboy adopted the conclusion that the claimant could perform simple and some complex tasks, relate to others on a superficial work basis, adapt to a work situation, and should have moderate contact with the public (Tr. 556).

At the administrative hearing, the claimant testified that "passing out" was her most significant limitation that prevented her from working, and stated that she passes out one to three times per month for fifteen to forty-five minutes per episode (Tr. 35, 40). She further stated her hands and feet are numb when she regains consciousness, and can remain numb for a "couple of days." (Tr. 48). As to her anxiety, the claimant testified her medication helps "a little," but that she still has panic attacks which cause her to "blank out," and prevent her from staying on task (Tr. 45). The claimant further testified that since undergoing chemotherapy, she has difficulty with her thought process (Tr. 47).

In his written opinion, the ALJ summarized the claimant's hearing testimony and some of the medical record. The ALJ found the claimant's allegations were not fully credible because of her reported daily activities and inconsistencies between her subjective symptoms and the medical record (Tr. 18-23). He gave great weight to the State agency psychologists' opinions, finding they were consistent with the RFC and supported by the record as a whole (Tr. 22). The ALJ disregarded the claimant's mother's report, and then found her not disabled (Tr. 23-25).

At the time of the ALJ's decision, a credibility determination was governed by Soc. Sec. Rul. 96-7p. *See, e .g., Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186 (July 2, 1996). But the Commissioner issued a ruling on March 16, 2016, which eliminated the term "credibility" and provided new guidance for evaluating the intensity, persistence, and limiting effects of a claimant's symptoms. Soc. Sec. Rul. 16-3p, 2016 WL 1119029 (Mar. 16, 2016). "Generally, if an agency makes a policy change during the pendency of a claimant's appeal, the reviewing court should remand for the agency to determine whether the new policy affects its prior decision." *Frantz v. Astrue,* 509 F.3d 1299, 1302 (10th Cir. 2007), *quoting Sloan v. Astrue,* 499 F.3d 883, 889 (8th Cir. 2007). Here, it is apparent from the ALJ's opinion that he failed to conduct the proper analysis under either standard, and therefore the decision should be reversed and remanded for consideration of the evidence and testimony in light of the new policy found in Soc. Sec. Rul. 16-3p.[3]

## Conclusion

In summary, the Court finds that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED, and the case is REMANDED for further proceedings consistent with this Opinion and Order.

---

[3] Even in the doubtful event the ALJ's analysis could be found sufficient to have satisfied Soc. Sec. Rul. 16-3p, obviating the need for reversal and remand, *see, e. g., Wellenstein v. Colvin,* 2015 WL 5734438, at *11 (N.D. Iowa Sept. 30, 2015) (noting that the Court of Appeals for the Eighth Circuit denied remand for consideration of a new social security ruling upon finding that "although the policy changed during the pendency of the case, the policy did not affect the case."), *citing Van Vickle v. Astrue,* 539 F.3d 825, 829 n.6 (8th Cir. 2008), the Court finds that any re-evaluation of the evidence in light of the new standard is not for this court to make on review but rather for the ALJ to consider in the first instance.

**DATED** this 24th day of March, 2017.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**